United States District Court
Southern District of Texas
**ENTERED**
January 31, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,** | § § § § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:23-cv-00852 |
| | § | |
| **GRIF, LLC and JUDY WALTERS INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF DAVID WALTERS, DECEASED,** | § § § § § § | |
| *Defendants*. | § | |

## MEMORANDUM & ORDER

On December 20, 2023, Plaintiff Mesa Underwriters Specialty Insurance Company ("Plaintiff") filed a Motion for Summary Judgment (the "Motion"). ECF No. 16. After considering the filings and applicable law, the Court finds that Plaintiff's Motion should be **GRANTED**.

**I.     BACKGROUND**

Plaintiff filed this insurance coverage action in March 2023, invoking the Court's diversity jurisdiction. ECF No. 1. Plaintiff issued Defendant GRIF, LLC ("GRIF") a general liability insurance policy containing an Assault or Battery Exclusion, which provides, in relevant part:

> This insurance does not apply to . . . "bodily injury" . . . caused by, arising out of, resulting from, or in any way related to an "assault" or "battery" when that "assault" or "battery" is caused by, arising out of, or results from, in whole or in part from:
> B. The failure to provide a safe environment including but not limited to the failure to provide adequate security, or to warn of the dangers of the environment, or . . . .
> D. Negligent, reckless, or wanton conduct by you, your employees, patrons or any other persons . . . .

ECF No. 16-2 at 19; *see also id.* at 20 (defining assault and battery).

In its Motion for Summary Judgment, Plaintiff seeks a declaration that it has no duty to defend or indemnify GRIF against the claims raised by Defendant Judy Walters in an underlying

lawsuit, *Judy Walters Individually, and as Representative of The Estate of David Walter, Deceased v. GRIF, LLC*, Cause No. 2022-79426 ("the underlying lawsuit"). The underlying lawsuit alleges that Cardarius Woodard fatally wounded decedent David Walters while Walters was in his apartment, which was owned or controlled by GRIF. *See* ECF No. 16-1.

Defendants' responses to the Motion were due by January 10, 2024. On January 23, GRIF notified the Court via email that it is unopposed to the Motion. As of January 30, Walters has not responded. Under Local Rule 7.4, failure to respond to a motion by the submission day is taken as a representation of no opposition.

## II.   LEGAL STANDARD

### A.  Summary Judgment

Summary judgment is appropriate summary judgment if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A court cannot grant a motion for summary judgment "solely on the ground that [a nonmovant] failed to respond." *John v. State of La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985). A court may, however, "accept[] as undisputed the facts . . . listed in support of [the movant's] motion for summary judgment" and grant the motion so long as the movant makes "a *prima facie* showing of its entitlement to judgment." *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

### B.  Declaratory Judgment

The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree

and shall be reviewable as such.

28 U.S.C. § 2201(a). "The Declaratory Judgment Act does not confer federal jurisdiction; rather, the parties must provide an independent basis for jurisdiction." *Am. W. Home Ins. Co. v. Israel*, 747 F. Supp. 2d 785, 789 (S.D. Tex. 2010).

### C.  Duty to Defend and Duty to Indemnify

Under Texas law, an "insurer's duty to defend is determined solely by the allegations in the pleadings and the language of the insurance policy. This is the 'eight corners' or 'complaint allegation rule.'" *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002). An insurer that refuses to defend because of a policy exclusion bears the burden of showing that the complaint's allegations trigger the exclusion, and all doubts regarding the duty to defend are resolved in favor of the insured. *Am. W. Home Ins. Co.*, 747 F. Supp. at 790. Additionally, "the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify*." *Farmers Texas Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (emphasis in original).

### III.   DISCUSSION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as Plaintiff is a New Jersey corporation with its principal place of business in New Jersey, and Defendants are citizens of Texas. The amount in controversy, exclusive of interest and costs, exceeds $75,000. ECF No. 1 at 2.

Plaintiff argues that it is entitled to summary judgment because the Assault or Battery Exclusion precludes coverage for the underlying claims. In the underlying lawsuit against GRIF, decedent Walters' bodily injury allegedly arose from a battery against him, which in turn allegedly

arose from GRIF's failure to provide decedent with a safe environment and other forms of negligence. *See* ECF No. 16-1. This alleged conduct, as well as the claims asserted against GRIF, clearly fall within the scope of the insurance policy's Assault or Battery Exclusion. In the Fifth Circuit, when an exclusion, such as the one at issue in this case, "precludes coverage for injuries 'arising out of' described conduct, the exclusion is given a broad, general, and comprehensive interpretation." *Scottsdale Ins. Co. v. Texas Sec. Concepts & Investigation*, 173 F.3d 941, 943 (5th Cir. 1999). Consistent with this interpretation, courts "have regularly concluded that an assault and battery exclusion precludes coverage regardless of the cause of action stated in an underlying lawsuit when the injuries complained of resulted from an assault and battery." *Am. W. Home Ins. Co.*, 747 F. Supp. at 791. The Court concludes that there is no coverage, as a matter of law, for the claims asserted in the underlying lawsuit due to the Assault or Battery Exclusion.

Plaintiff next argues that "because there is no possibility that MUSIC will ever have to defend GRIF, the duty to indemnify is justiciable, and MUSIC has no duty to indemnify GRIF as a matter of law." ECF No. 16 at 4. The Court agrees. Because the Court finds that because the Assault or Battery Exclusion precludes Plaintiff's duty to defend, Plaintiff also has no duty to indemnify in the underlying case. *See, e.g.*, *Am. W. Home Ins. Co.*, 747 F. Supp. at 794 (concluding the same).

## IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Summary Judgment. ECF No. 16. The Court declares, pursuant to 28 U.S.C. § 2201, that Plaintiff has no duty to defend GRIF against the claims asserted in the underlying lawsuit, or to indemnify GRIF for any liability and damages that have been or may be awarded to Judy Walters Individually, or as Representative of the Estate of David Walters, Deceased, against GRIF.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 31st day of January, 2024.

                                                                                       _____
                                                                                       KEITH P. ELLISON
                                                                                      UNITED STATES DISTRICT JUDGE